# Exhibit A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

| |
|---|
| **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |
| **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>**4/20/2026 3:51 PM**<br>**David W. Slayton,**<br>**Executive Officer/Clerk of Court,**<br>**By D. Williams, Deputy Clerk** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMAZON.COM, INC., PROLOGIST TARGETED U.S. LOGISTICS HOLDINGS, L.P.,
"Additional Parties Attachment form is attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DYLAN PATON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles County Superior Court

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*

**26STCV12653**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary A. Dordick (SBN128008), DORDICK LAW CORPORATION, 1122 Wilshire Blvd., CA 90017, (310) 551-0949

| | | | |
|---|---|---|---|
| DATE: | Dylan J. Dordick (SBN 316352) | Clerk, by | , Deputy |
| *(Fecha)* | **04/20/2026** | *(Secretario)* | David W. Slayton, Executive Officer/Clerk of Court<br>D. Williams | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AMAZON.COM, INC.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| DYLAN PATON v. AMAZON.COM, INC., et al. | 26STCV12653 |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

SHENZHENSHIQINGSONGGUODIANZISHANGWUYOUXIANGONGSIINGSONGGUO E-COMMERCE CO., LTD., and Does 1 to 100, Inclusive.

Page 2 of 2

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Gary A. Dordick, Esq.  SBN 128008
Dylan J. Dordick, Esq. SBN 316352
Joshua J. Molchan, Esq. SBN 351864
DORDICK LAW CORPORATION
1122 Wilshire Boulevard
Los Angeles, California 90017
Tel: (310) 551-0949 • Fax: (855) 299-4444
Email: DJDeservice@dordicklaw.com
In association with
Neer Lerner, Esq. SBN 266625
LERNER LAW FIRM, PC
2600 W Olive Ave Suite 500
Burbank, CA 91505
Tel: (818) 576-8282 • Fax: (818) 330-4072
Email: e-service@lernerlawfirm.net
Attorneys for Plaintiff

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/20/2026 3:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DYLAN PATON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., PROLOGIS TARGETED U.S. LOGISTICS HOLDINGS, L.P., SHENZHENSHIQINGS-ONGGUODIANZISHANGWUYOUXIAN-GONGSIQINGSONGGUO E-COMMERCE CO., LTD., and Does 1 to 100, Inclusive.<br><br>Defendants. | Case No.: 26STCV12653<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** |

COME NOW, Plaintiff, DYLAN PATON ("Plaintiff") for Causes of Action against Defendants, and each of them, allege as follows:

//

//

//

1.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## GENERAL ALLEGATIONS

1. On or about March 24, 2025, Plaintiff DYLAN PATON ("Plaintiff") was using an adult novelty product (the "SEX TOY") on his penis at his home in Los Angeles, California, that he purchased through the website operated by Defendant AMAZON.COM, INC.("AMAZON"). Plaintiff is informed and believes, and thereon alleges, that the SEX TOY was designed, manufactured, distributed and assembled by Defendants SHENZHENSHIQINGSONGGUODIANZISHANGWUYOUXIANGONGSI QINGSONGGUO E-COMMERCE CO., LTD., and DOES 1 through 100 (Defendants are collectively referred to as "GREENPINECONE") and sold under the brand name GREENPINECONE.  March 24, 2025, while being used as intended and following the Defendants' written instructions, the SEX TOY malfunctioned and severely burned Plaintiff's penis and scrotum, causing severe injuries (the "SUBJECT INCIDENT").

2. Plaintiff is informed and believes, and thereon alleges, the SEX TOY was designed, manufactured, distributed and assembled by GREENPINECONE  and advertised and labeled as the "Electric Anal Plug and Penis Ring, Greenpinecone Luxury Electric Anal



2.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plug Set 32 mm and 25 mm, Electric Schock Butt Plug for Nerve Stimulation, with 2 Pcs Adjustable Electro Sex Cock Rings and Wires". The SEX TOY is depicted above.

3. Plaintiff is informed and believes, and on that basis alleges, that AMAZON created and controlled the commercial environment that enabled Defendant GREENPINECONE to sell the SEX TOY. AMAZON attracted customers through its own activities, including direct sales offers and the Amazon Prime membership program, which provides benefits and incentives for certain products offered by third-party sellers, including the SEX TOY at issue. Plaintiff is further informed and believes, and on that basis alleges, that AMAZON set the terms governing GREENPINECONE's participation on its platform and required payment of fees in exchange and took possession of GREENPINECONE's products, registered them in its inventory system, and stored them in AMAZON'S warehouses pending sale. Plaintiff is further informed and believes, and on that basis alleges, that the SEX TOY was delivered to and stored in an AMAZON warehouse in Ontario, California, pending sale. Plaintiff is further informed and believes, and on that basis alleges, that the AMAZON warehouse where the subject product was stored was owned by PROLOGIS TARGETED U.S. LOGISTICS HOLDINGS, L.P. ("PROLOGIS"), and DOES 11 through 20, inclusive, and each of them, all of whom participated in placing the product into the stream of commerce. Plaintiff is further informed and believes, and on that basis alleges, that a DOE delivery driver took possession of the SEX TOY, which had been sold and placed into the stream of commerce by AMAZON, stored in a warehouse owned by Prologis, and ultimately delivered the product to Plaintiff. Plaintiff is informed and believes, and on that basis alleges, that AMAZON controlled the format of GREENPINECONE's product listings, allowed the use of a fictitious name, and required listings to conform to its standards. Plaintiff purchased the SEX TOY by adding it to his Amazon shopping cart and paying AMAZON directly, after which AMAZON packaged and delivered the product to Plaintiff. Plaintiff alleges that AMAZON was an integral part of the overall production and marketing enterprise and should therefore bear the cost of injuries caused by

3.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

defective products, including the SEX TOY. AMAZON participated in the vertical distribution of consumer goods and was responsible for placing the product into the stream of commerce by passing it down the distribution chain to the consumer. Amazon operates as a traditional retailer and is strictly liable for Plaintiff's damages due to its role in advertising, selling, merchandising, and otherwise facilitating the sale of the defective SEX TOY.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant GREENPINECONE designed, manufactured, and tested the SEX TOY that malfunctioned, causing Plaintiff to suffer severe and permanent injuries, and is therefore liable for Plaintiff's damages.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff repeats, realleges, and incorporates by this reference as though set forth fully herein all prior allegations of this Complaint.

6. Plaintiff DYLAN PATON is, and at all times relevant to this action was, a resident of the County of Los Angeles, State of California.

7. Defendant AMAZON.COM, INC. is, and at all times mentioned herein was, a corporation qualified to do business in the State of California and maintains offices, warehouses, distribution centers, and employees in Southern California.

8. Defendant PROLOGIS TARGETED U.S. LOGISTICS HOLDINGS, L.P. ("PROLOGIS") is, and at all times mentioned herein was, a corporation duly qualified to do business in the State of California, owning and operating the warehouse located at 4707 Baker Ave, Ontario, CA 91761, identifying its principal place of business as Pier 1, Bay 1, San Francisco, CA 94111, and owning and maintaining additional warehouses where AMAZON products are stored within the State of California.

9. Defendant SHENZHENSHIQINGSONGGUODIANZISHANGWUYOUXIANGONGSI QINGSONGGUO E-COMMERCE CO., LTD. ("GREENPINECONE") is now, and at all times mentioned herein was, a corporation qualified to do business in the State of California. Plaintiff is informed and believes, and thereon alleges, that

4.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

GREENPINECONE engages in the business of designing, manufacturing, testing, marketing, and distributing adult novelty products, including anal plugs, penis rings, cock rings, and other similar adult sex toys, including electric devices such as the SEX TOY. Plaintiff further alleges that the SEX TOY contained defective and dangerous components and was advertised for use on consumers' sexual organs, including the anus, penis, vagina, and other similar areas, and that such defects caused Plaintiff DYLAN PATON to suffer severe and permanent injuries.

10. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of these fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Decedent's death and Plaintiffs' resulting injuries and damages herein alleged were proximately caused by the aforementioned Defendants.

11. Plaintiffs is informed and believes and thereon allege that at all times mentioned herein, each of the Defendants sued herein as well as Does 1 to 100, inclusive, were the agents, servants, employees, permissive users, joint venturers, successors in interest, assigns, and subsidiaries, each of the other, and at all times pertinent hereto were acting within the course and scope of their authority as such agents, servants, employees, permissive users, joint venturers, successors in interest, assigns, and subsidiaries. and with the permission and consent of, and/or their actions were ratified by the other Defendants.

## FIRST CAUSE OF ACTION

**(By Plaintiff Dylan Paton for Strict Liability against ALL Defendants and DOES 1 through 100, Inclusive)**

12. Plaintiff repeats, realleges, and incorporates by this reference as though set forth fully herein all prior allegations of this Complaint.

13. Plaintiff is informed and believe and thereon allege that at all time herein mentioned, Defendants, and each of them, were the manufacturers, designers, developers, processors,

5.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

producers, assemblers, builders, testers, inspectors, installers, warners, equippers, endorsers, exporters, wholesalers, retailers, lessors, renters, sellers, lessors, modifiers, servicers, repairers, providers and otherwise distributors of the SEX TOY.

14. Plaintiff is informed and believe, and thereon allege, that at the time of its design, manufacture, development, production, assembly, testing, inspection, distribution, marketing, sale, and placement into the stream of commerce, the SEX TOY was defective and unreasonably dangerous and was accompanied by inadequate warnings and instructions. The SEX TOY failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, and any benefits of the design were substantially outweighed by the risk of harm inherent in the design. Despite the availability of safer alternative designs, the SEX TOY presented a substantial and unreasonable risk of serious injury to users, including Plaintiff Dylan Paton.

15. Specifically, Plaintiff is informed and believes, and thereon alleges, that the SEX TOY was defective in its design, manufacture, construction, assembly, and warnings, and was unreasonably dangerous to users' life and genital areas, including the penis, vagina, and anus. Among other things, and not by way of limitation, the SEX TOY was so poorly designed and manufactured that it malfunctioned and severely burned Plaintiff's penis when Plaintiff attempted to use it in an intended, reasonable, and foreseeable manner. These defects created a substantial danger that was unknown to Plaintiff and the general public, would not have been recognized by an ordinary user, and about which Defendants failed to provide adequate warnings or instructions.

16. Prior to the sale and distribution of the SEX TOY, Defendants, and each of them, knew, or should have known, that the SEX TOY was defective as described above. Defendants, and each of them, had prior notice of the defects through multiple sources, including product testing, internal documents, industry publications, publicly posted consumer complaints on AMAZON's website, and reports of serious injuries caused by the SEX TOY. Despite this knowledge, Defendants, and each of them, sold and distributed the

6.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

SEX TOY, which presented a substantial and unreasonable risk of severe genital injury to users, including Plaintiff.

17. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, had full ability, after years of testing to reduce or eliminate the substantial risk of serious bodily injury caused by the SEX TOY through safer design, proper warnings, or improved manufacturing. Defendants, and each of them, consciously chose not to take such steps, including failing to provide adequate warnings or design safeguards, in order to save money and protect sales. These actions and omissions prevented the public, including Plaintiff, from being aware that the SEX TOY was unsafe, dangerous, and defective, thereby causing Plaintiff's injuries. Plaintiffs further allege that the foregoing malfeasance, nonfeasance, defects, and failure to warn were

done with the advance knowledge, authorization, approval, and ratification of officers, directors, and/or managing agents of Defendants, and each of them.

18. As a further proximate result of the acts of Defendants, and each of them, Plaintiff has incurred substantial medical expenses and will continue to incur medical and related expenses, including but not limited to future hospitalizations, therapy, medications, psychological therapy, family counseling and other cost related expenses, the total amount of such expenses is not known to plaintiff at this time and plaintiff will move to amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

19. Defendants' negligence, and the negligence of each of them, was a substantial factor in causing the injuries and damages alleged herein. As a direct and proximate result of the conduct of said defendants, and each of them, Plaintiff was compelled to and did and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like to treat her and Plaintiff did and will continue to incur medical, professional, and/or incidental expenses, and the like, all to her general and special damages, in an amount according to proof at the time of trial.

7.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

20. As a further direct and proximate result of the conduct of said Defendants, and each of them, Plaintiff suffered and will continue to suffer a loss of earnings and earning capacity, in an amount according to proof at the time of trial.

21. Defendants, and each of them, through their acts and/or omissions, acted with deliberate, callous, malicious, intentional, and/or unreasonable disregard for the safety of consumers, including Plaintiff, as fully described above. These actions and omissions caused severe and permanent injuries to Plaintiff and were committed with conscious disregard of Plaintiff's rights and safety. Plaintiff therefore requests the assessment of punitive damages against Defendants in an amount sufficient to punish them and to serve as an example.

## SECOND CAUSE OF ACTION

**(By Plaintiff Dylan Paton for Negligent Product Liability against ALL Defendants and DOES 1 through 100, Inclusive)**

22. Plaintiffs repeat, reallege, and incorporate by this reference as though set forth fully herein all prior allegations of this Complaint.

23. At all times herein mentioned, defendants, and each of them, had a duty not to unreasonably manufacture, develop, design, process, produce, assemble, build, test, inspect, install, warn, equip, endorse, export, import, wholesale, retail, sell, lease, rent, modify, service, repair or entrust said SEX TOY.

24. Defendants, and each of them, breached their duty to Plaintiff, causing the injuries and damages described herein. Defendants, and each of them, acted unreasonably in designing, manufacturing, assembling, marketing, and selling the SEX TOY, which presented a substantial and unreasonable risk of injury to users, including Plaintiff, and in failing to provide adequate warnings of such dangers.

25. At all relevant times, Defendants, and each of them, breached their duty of ordinary care and skill by negligently, carelessly, recklessly, and/or unlawfully designing, manufacturing, assembling, testing, inspecting, marketing, and providing the defective SEX TOY. As a result, the SEX TOY was in a dangerously defective and unsafe

8.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

condition. These acts and omissions were a substantial factor in causing the severe and permanent burns and other injuries suffered by Plaintiff as alleged herein.

26. The negligence of said Defendants, and each of them, was a substantial factor in causing the severe and permanent injuries and damages herein alleged.

27. As a further proximate result of the acts of Defendants, and each of them, and due to the dangerous condition as alleged, Plaintiff has incurred substantial medical expenses and will continue to incur medical and related expenses, including but not limited to future hospitalizations, therapy, medications, psychological therapy, family counseling and other cost related expenses, the total amount of such expenses is not known to plaintiff at this time and plaintiff will move to amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

28. The negligence of Defendants, and each of them, was a substantial factor in causing the injuries and damages herein alleged. As a direct and proximate result of the conduct of said defendants, and each of them, Plaintiff was compelled to and did and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like to treat her and Plaintiff did and will continue to incur medical, professional, and/or incidental expenses, and the like, all to her general and special damages, in an amount according to proof at the time of trial.

29. As a further direct and proximate result of the conduct of said defendants, and each of them, Plaintiff suffered and will continue to suffer a loss of earnings and earning capacity, in an amount according to proof at the time of trial.

## THIRD CAUSE OF ACTION

**(By Plaintiff Dylan Paton for Breach of Warranty against ALL Defendants and DOES 1 through 100, Inclusive)**

30. Plaintiffs repeat, reallege, and incorporate by this reference as though set forth fully herein all prior allegations of this Complaint.

9.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

31. At all times herein mentioned, Defendants, and each of them, designed, warned, developed, processed, repaired, serviced, inspected, represented, tested, distributed, sold, consigned, delivered, said SEX TOY for use by the general public.

32. Plaintiffs are informed and believe, and on that basis allege, that at the time of the sale, delivery, distribution, marketing, or use of the SEX TOY, Defendants expressly and impliedly warranted to each purchaser and user, and to all persons reasonably expected to be in the vicinity during its use, that the SEX TOY was safe and fit for its intended purpose, and that it was of merchantable quality.

33. At the time of sale, delivery, distribution, or use, the SEX TOY was not reasonably fit or safe for its intended use by buyers, users, or any persons reasonably anticipated to be in the vicinity during its use, including Plaintiff, and was therefore not of merchantable quality. The SEX TOY posed an extreme danger and hazard to users due to latent defects in its design and manufacture, which caused severe injuries, including the burns suffered by Plaintiff.

34. In reliance on such warranties, Plaintiff used the SEX TOY in a manner that was foreseeable and intended by Defendants, and each of them. As a direct and substantial result of the breach of these implied warranties by Defendants, the SEX TOY malfunctioned, causing severe and permanent burns and other injuries to Plaintiff.

35. As a result of said breaches of warranty, both express and implied, plaintiff sustained severe and permanent injuries and damages as herein alleged.

36. As a further proximate result of the acts of Defendants, and each of them, and due to the dangerous condition as alleged, Plaintiff has incurred substantial medical expenses and will continue to incur medical and related expenses, including but not limited to future hospitalizations, therapy, medications, psychological therapy, family counseling and other cost related expenses, the total amount of such expenses is not known to plaintiff at this time and plaintiff will move to amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

10.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

37. Defendants' negligence, and the negligence of each of them, was a substantial factor in causing the injuries and damages alleged herein. As a direct and proximate result of the conduct of said defendants, and each of them, Plaintiff was compelled to and did and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like to treat her and Plaintiff did and will continue to incur medical, professional, and/or incidental expenses, and the like, all to her general and special damages, in an amount according to proof at the time of trial.

38. As a further direct and proximate result of the conduct of said Defendants, and each of them, Plaintiff suffered and will continue to suffer a loss of earnings and earning capacity, in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

**(By Plaintiff Dylan Paton for General Negligence against ALL Defendants and DOES 1 through 100, Inclusive)**

39. Plaintiffs repeat, reallege, and incorporate by reference as though set forth in full herein all prior allegations of this Complaint.

40. On or about March 24, 2025, Defendants, and each of them, owed Plaintiff a duty to exercise reasonable care in the design, manufacture, marketing, sale, and distribution of the SEX TOY.

41. Plaintiffs are informed and believe, and thereon allege, that at all relevant times, Defendants, and each of them, negligently, recklessly, and carelessly designed, manufactured, assembled, tested, inspected, marketed, distributed, sold, and otherwise provided the SEX TOY. As a direct and proximate result of these breaches of duty, the SEX TOY malfunctioned and caused severe and permanent burns and other injuries to Plaintiff.

42. Defendants, and each of them, knew or should have known that it was reasonably foreseeable that a person, such as Plaintiff, would use the SEX TOY in a normal and

11.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

intended manner and could suffer serious injuries as a result of its defective design and manufacture.

43. As a result of said breaches of warranty, both express and implied, plaintiff sustained severe and permanent injuries and damages as herein alleged.

44. As a further proximate result of the acts of Defendants, and each of them, and due to the dangerous condition as alleged, Plaintiff has incurred substantial medical expenses and will continue to incur medical and related expenses, including but not limited to future hospitalizations, therapy, medications, psychological therapy, family counseling and other cost related expenses, the total amount of such expenses is not known to plaintiff at this time and plaintiff will move to amend this complaint to state such amount when the same becomes known to them, or on proof thereof.

45. Defendants' negligence, and the negligence of each of them, was a substantial factor in causing the injuries and damages alleged herein. As a direct and proximate result of the conduct of said defendants, and each of them, Plaintiff was compelled to and did and will continue to employ the services of hospitals, physicians, surgeons, nurses, and the like to treat her and Plaintiff did and will continue to incur medical, professional, and/or incidental expenses, and the like, all to her general and special damages, in an amount according to proof at the time of trial.

46. As a further direct and proximate result of the conduct of said Defendants, and each of them, Plaintiff suffered and will continue to suffer a loss of earnings and earning capacity, in an amount according to proof at the time of trial.

//
//
//
//
//
//
//

12.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, as follows:

1. For general damages in an amount according to proof;

2. For economic damages in an amount according to proof;

3. For non-economic damages in an amount according to proof;

4. For punitive damages in an amount according to proof;

5. For medical expenses and related items of expense, according to proof;

6. For prejudgment interest according to proof;

7. For costs of suit incurred herein; and

8. For such other and further relief as the Court may deem just and proper.

DATED: April 20, 2026                    DORDICK LAW CORPORATION


By: _____

                    Dylan J. Dordick, Esq.
                    Gary A. Dordick, Esq.
                    Joshua J. Molchan, Esq.
                    Attorneys for Plaintiff

---

13.

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff DYLAN PATON hereby demands a trial by jury as to all causes of action.

DATED: April 20, 2026

DORDICK LAW CORPORATION

By: _____

Gary A. Dordick, Esq.
Dylan J. Dordick, Esq.
Joshua J. Molchan, Esq.
Attorneys for Plaintiff

14.